CRISMON, COLLECTOR, *v.* THE BINGHAM CANYON & CAMP FLOYD R. R. CO.

A COLLECTOR OF TAXES WHO SUES FOR DELINQUENT TAXES is, so far as the money due from the delinquent tax-payer is concerned, a trustee for no one, and in bringing the suit he is acting in his own and not in another's right.

IN SUCH CASES THE COURT BELOW CAN NOT LEGALLY DISPENSE with the filing of an undertaking on appeal; and in this case, no undertaking having been filed, the appeal is ineffectual for any purpose. Appeal dismissed.

APPEAL from the third district court. The opinion states the facts.

*Z. Snow, R. N. Baskin, Marshal & Royle,* and *Rasborough & Merritt,* for the appellant.

*Sutherland & McBride,* for the respondent.

EMERSON, J.:

The respondent moves to dismiss this appeal, on the ground that no undertaking has been filed or deposit made with the clerk, as required by the statute.

The appellant is collector of taxes for the county of Salt Lake, and brought this suit to recover certain taxes assessed against the respondent, which were delinquent. Judgment was against him in the court below, and he appealed to this court, but filed no undertaking on appeal, for the reason stated below.

By section 339 of the practice act, to render an appeal effectual for any purpose in any case, it is required that a written undertaking be filed, or a deposit of money made with the clerk, within five days after the motion of appeal is filed.

Section 344 provides that the court below may in its discretion dispense with this, "when the appellant is an executor, administrator, trustee, or other person acting in another's right."

The appellant, conceiving himself within the provisions of the latter section, obtained from the court below an order dispensing with the undertaking required by section 339.

The authority by which the collector sues for these delinquent taxes is found in the session laws of 1880, p. 44, and is as follows : " On or before the first Monday in May in each year, the collector of each county shall settle with the clerk of the county court, and make full payment into the county treasury of all taxes due. If any tax shall remain unpaid to the collector on the said thirty-first day of May, the collector shall have in his own individual right a right of action the same as on an express contract for the direct payment of money against each delinquent, and no taxable property of such delinquent shall be exempt from execution on a judgment in such cases."

By the express provisions of the act, he must bring suit in his own name and in his individual right. So far as the money due from the delinquent tax-payers is concerned, he is a trustee for no one; and in bringing the suit, he is acting in his own and not in another's right.

The court could not legally dispense with the filing of the undertaking on this appeal. The appeal is therefore ineffectual for any purpose.

The motion is granted and the appeal is dismissed.

HUNTER, C. J., and TWISS, J., concurred.